UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLONZO JACKSON BANKS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JEFF LYNCH, Warden,<br><br>　　　　　Respondent. | No.  2:20-cv-0827 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

　　Petitioner is a state prisoner, proceeding through counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This proceeding was referred to this court by Local Rule 302 under 28 U.S.C. § 636(b)(1).  Respondent moves to dismiss this action as premature because petitioner's sentence is pending in the Sacramento County Superior Court on remand from the California Court of Appeal.  Petitioner opposes the motion or, in the alternative, seeks to stay the federal petition pending state court proceedings.  For the reasons stated below, respondent's motion should be granted, petitioner's motion for stay should be denied, and this action should be dismissed without prejudice.

II. Motion to Dismiss

　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the

1  petitioner is not entitled to relief in the district court. . . ." Id.; see also White v. Lewis, 874 F.2d
2  599, 602-03 (9th Cir. 1989) (Rule 4 permits meritorious motions to dismiss).  In addition, the
3  Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicate that the
4  court may dismiss a petition for writ of habeas corpus:  on its own motion under Rule 4; pursuant
5  to the respondent's motion to dismiss; or after an answer to the petition has been filed.  See, e.g.,
6  Miles v. Schwarzenegger, No. 2:07-cv-1360 LKK EFB, 2008 WL 3244143, at *1 (E.D. Cal. Aug.
7  7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to
8  state a claim).  Accordingly, the court reviews respondent's motion to dismiss pursuant to its
9  authority under Rule 4.
10       A.  Background
11       Petitioner commenced this action on April 22, 2020.  He challenges his May 15, 2014
12  conviction of first degree murder.  (ECF No. 1 at 12.)  The jury also found true that petitioner
13  personally used and discharged a firearm.  The jury did not find true the gang enhancement and
14  allegation that petitioner personally discharged a firearm causing death.  (Id.)  Petitioner was
15  sentenced to an indeterminate sentence of 25 years to life, plus a determinate term of 20 years in
16  state prison.  (ECF No. 1 at 13, 8 at 2.)
17       Petitioner appealed his sentence.  On October 17, 2018, the California Court of Appeal
18  affirmed the conviction.  (ECF No. 1 at 13.)  However, the state appellate court remanded
19  petitioner's case pursuant to California Senate Bill 620, holding:

> As to Alvarez, Banks and Williams, the matter is remanded for the trial court to exercise its discretion under section 12022.53, subdivision (h), whether to strike any of the section 12022.53 enhancements . . . .
>
> In all other respects, the judgment is affirmed.

24  (ECF No. 13 at 2, citing ECF No. 1-1 at 51.)
25       The California Supreme Court denied review on January 23, 2019.  (ECF No. 1 at 13.)
26       The Third District Court of Appeal issued the remittitur on January 31, 2019.  (ECF No.
27  13 at 2.)  The Sacramento County Superior Court docket reflects petitioner's case, People v.
28  Banks, No. 11F02295, was on calendar for "remittitur" on March 21, 2019, and May 10, 2019,

1  for "Further proceedings" on November 5, 2019, and March 28, 2020, and at the time petitioner
2  filed his opposition was set for "Remittitur" on October 23, 2020.[1]  (ECF No. 13 at 2, 9-10.)
3  Subsequently, on September 29, 2020, further proceedings were held, and the "Remittitur" was
4  continued to January 8, 2021.  See No. 11F02295 (court docket viewed November 3, 2020).

5        On August 12, 2019, petitioner filed a petition for writ of habeas corpus in the Sacramento
6  County Superior Court based on new evidence.  On December 4, 2019, the superior court issued
7  an order denying the petition, and did not issue an order to show cause.  (ECF No. 1 at 13.)

8        On February 3, 2020, petitioner filed a petition for writ of habeas corpus in the Third
9  District Court of Appeal.  (ECF No. 1 at 13.)  On February 14, 2020, the state appellate court
10  denied the petition.

11        On February 20, 2020, petitioner filed a petition for review in the California Supreme
12  Court.  (ECF No. 1 at 13.)  On February 24, 2020, the Court asked the attorney general to file an
13  answer.  Following briefing, the California Supreme Court denied the petition.  (ECF No. 1 at
14  14.)

15      B.  Discussion

16        It is premature for this court to review petitioner's collateral attack on his conviction
17  before the state court has had the opportunity to adjudicate the application of California Senate
18  Bill 620.  See Younger v. Harris, 401 U.S. 37 (1971).  Under Younger, federal courts may not
19  enjoin pending state criminal proceedings except under extraordinary circumstances.  Id. at 49,
20  53.  Younger abstention prevents a court from exercising jurisdiction when three criteria are met:
21  1) there are ongoing state judicial proceedings; 2) an important state interest is involved; and
22  3) there is an adequate opportunity to raise the federal question at issue in the state proceedings.
23  H.C. ex rel. Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000).

24

---

[1] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites.  Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the docket sheet of a California court.  White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010).  The address of the official website of the California state courts is www.courts.ca.gov.

All three Younger criteria are satisfied here.  First, petitioner filed this action while his sentencing claims are pending in the Sacramento County Superior Court, thus state court proceedings were ongoing at the time the instant petition was filed.  "Second, the resentencing proceeding implicates an important state interest in enforcing criminal laws without federal interference."  Duke v. Gastelo, 2020 WL 4341595, at *4 (C.D. Cal. June 24, 2020), adopted, 2020 WL 4339889 (C.D. Cal. July 28, 2020).  Third, the California state courts provide an adequate forum in which petitioner may pursue his claims.  See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary.").  When the state proceedings have concluded and his conviction becomes final, petitioner may seek federal habeas relief.  Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may seek federal habeas relief after his California state criminal proceedings, including his pending SB 620 motion in the California Court of Appeal, have concluded with a final judgment of conviction.").  Thus, the undersigned cannot find that extraordinary circumstances warrant intervention by this court.

Finally, "courts in the Ninth Circuit have abstained under Younger when a habeas petitioner's state resentencing appeal is pending."  Duke, 2020 WL 4341595, at *4; Sauceda v. Sherman, 2020 WL 2510639, at *4 (C.D. Cal. Feb. 7, 2020) (recommending dismissal of a federal habeas petition due to pending state appeal for resentencing under Cal. P.C. § 1170.95); Phillips v. Neuschmid, 2019 WL 6312573, at *3 (C.D. Cal. Oct. 18, 2019) ("courts implicitly find that granting federal habeas corpus relief would have the practical effect of enjoining or interfering with the ongoing state judicial proceeding, even where the state proceeding is limited to sentencing;" recommending dismissal of habeas petition due to pending state appeal for resentencing); adopted, 2019 WL 6310269 (C.D. Cal. Nov. 22, 2019) (collecting cases).[2]

Accordingly, the undersigned recommends that this action be dismissed, without prejudice, as premature.  See U.S.C. § 2254(a).

---

[2]  But see Rivas v. Sherman, 2020 WL 5802378, at *2-4 (C.D. Cal. July 30, 2020) (finding Younger abstention not required because SB 620 resentencing will not give rise to any federal constitutional claims that could be litigated in either forum, state or federal, citing Central District cases, "this case and the SB 620 resentencing to be held are wholly distinct and do not overlap in any respect.")

4

III. Motion for Stay

In the alternative, petitioner seeks stay and abeyance under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), rather than dismissal of this action.[3] (ECF No. 13 at 6.) Petitioner argues that a stay, rather than outright dismissal, would serve the interest of judicial economy and prevent petitioner from having to refile a duplicate petition and prevent the court from having to again issue an order to show cause to respondent. (ECF No. 13 at 6.) Respondent counters that although petitioner has exhausted his federal claims in state court, his conviction is not yet final, requiring abstention, and because the statute of limitations period has not yet begun to run, stay and abeyance is inappropriate. (ECF No. 14 at 2-3.)

The undersigned is not persuaded that a Kelly stay is available under these circumstances, and finds that a stay is not appropriate. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "'Final judgment in a criminal case means sentence. The sentence is the judgment.'" Burton v. Stewart, 549 U.S. 147, 156 (2007), quoting Berman v. United States, 302 U.S. 211, 212 (1937). Until petitioner's judgment and sentence is rendered final "by conclusion of direct review or by the expiration of the time for seeking such review," AEDPA's one-year statute of limitations period will not begin to run. See Burton, 549 U.S. at 156-57. Here, the statute of limitations period for the filing of a federal habeas petition has not begun to run; thus, it is inappropriate to grant a stay and abeyance. Bennett v. Fisher, 2015 WL 6523689, at *1 (E.D. Cal. Oct. 27, 2015) (finding stay inappropriate where limitations period has not begun to run, dismissing petition as premature); Henderson v. Martel, 2010 WL 2179913, at *6-7 (E.D. Cal. May 26, 2010) (denying renewed motion for a stay and abeyance as premature).

---

[3] The Kelly procedure involves three steps: "(1) petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009), citing Kelly, 315 F.3d at 1070-71. "[T]he Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140.

1  Therefore, petitioner's motion for stay should be denied.

2  III.  Conclusion

3  Accordingly, IT IS HEREBY RECOMMENDED that:

4  1. Respondent's motion to dismiss (ECF No. 8) be granted;

5  2. Petitioner's motion for stay (ECF No. 13) be denied; and

6  3. This action be dismissed without prejudice.

7  These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 4, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/bank0827.mtd.younger.sty

6